UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD M. DAUVAL, Trustee
for the estate of Joseph Pietro,
an individual,

      Plaintiff,

v.

PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,
a Florida corporation,

      Defendant.
_____/

Case No.:

## COMPLAINT

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter, "FCCPA"), which prohibits debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices, and the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* (hereinafter, "CROA"), which prohibits credit repair organizations from engaging in certain unfair or deceptive advertising and business practices.

### II. JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 for FDCPA claims, jurisdiction is founded on the existence of a federal question pursuant to 28 U.S.C. § 1331 for CROA claims, and supplemental jurisdiction exists for

the FCCPA claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, RICHARD M. DAUVAL (hereinafter, "Plaintiff"), is the Trustee for the bankruptcy estate of Joseph Pietro (hereinafter, "Debtor"). The Debtor filed a Chapter 7 bankruptcy petition on March 15, 2011, case number 8:11-bk-04553-CED (hereinafter, "Bankruptcy"). This cause of action is an unliquidated, non-exempt asset of the Bankruptcy estate.

4. Debtor, Joseph Pietro, is a natural person residing in Polk County, Florida.

5. Defendant, PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC. (hereinafter, "Defendant"), is a Florida profit corporation engaged in the business of collecting debts in Florida with its principal place of business located at 100 North Ashley Drive #600, Tampa, Florida 33602. Defendant's principal purpose is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another in Polk County, Florida.

### IV. FACTUAL ALLEGATIONS

6. At all times herein, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. At all times herein, Defendant is a "debt collector" as defined by Fla. Stat. § 559.55.

8. At all times herein, the Defendant attempted to collect a debt, a medical

bill referenced by account number "3198863" (hereinafter, "the Debt").

9. The Debt was a consumer debt, incurred primarily for personal, household or family use.

10. At all times herein, Defendant is a "person" pursuant to Fla. Stat. § 559.72.

11. At all times herein, Defendant represents that it can improve a consumer's credit record, credit history, or credit rating in return for payment of money and is thus a "credit repair organization" as defined by 15 U.S.C. § 1679a(3)(A).

12. At all times herein, the Defendant acted itself and through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. All conditions preceding the filing of the action occurred or have been waived by the Defendant.

14. On or about May 18, 2010, Defendant sent a collection letter to Debtor in an attempt to collect the Debt. Please see attached a true and correct copy of the Debt collection letter labeled Exhibit "A."

15. Defendant's Debt collection letter contains the title "CREDIT BUREAU NOTICE" and it asserts that Defendant can restore Debtor's credit if Debtor will "[a]ct today by contacting [Defendant's] office...." Defendant's collection letter further advised Debtor "to resolve this outstanding debt and restore your credit by having us inform the credit reporting agencies of your positive action."

16. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages per adverse adjudication, actual damages, and an award of attorneys'

fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

17. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

18. United States Code Title 15 Section 1679g(a) provides for the award of actual damages and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

19. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

### V. CLAIMS FOR RELIEF

#### COUNT ONE:
#### FAIR DEBT COLLECTION PRACTICES ACT –
#### VIOLATION OF 15 U.S.C. §1692e(10)

The Plaintiff re-alleges paragraphs one (1) through nineteen (19) as if fully restated herein and further states as follows:

20. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692e(10) by using false representation and deceptive means in attempting to collect the Debt from Debtor.

21. Specifically, Defendant's Debt collection letter leads Plaintiff to believe that if he makes payment on the Debt, Plaintiff's credit report will be restored, or returned to its previous state.

22. Plaintiff's payment of the Debt to Defendant, however, will not restore Plaintiff's credit. The Defendant's letter is false, misleading, deceptive, and knowingly made in an attempt to trick Plaintiff into paying the Debt.

23. As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT TWO:**
**CREDIT REPAIR ORGANIZATIONS ACT –**
**VIOLATION OF 15 U.S.C. §1679b(a)(3)**

The Plaintiff re-alleges paragraphs one (1) through nineteen (19) as if fully restated herein and further states as follows:

24. Defendant is a "credit repair organization" as defined by the CROA in that it represents it can improve the Debtor's credit record, credit history, or credit rating in return for payment of the Debt.

25. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1679b(a)(3) by making or using any untrue or misleading representation of the services of the credit repair organization in attempting to collect the Debt from Debtor.

26. Specifically, Defendant's Debt collection letter leads Plaintiff to believe that if he makes payment on the Debt, Plaintiff's credit report will be restored, or returned to its previous, non-derogatory state.

27. Plaintiff's payment of the Debt to Defendant will not restore Plaintiff's credit. The Defendant's letter is false, misleading, and deceptively represents the services of the Defendant as a credit repair organization under the CROA.

28. As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by 15 U.S.C. 1679g.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT THREE:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTE §559.72(9)

The Plaintiff re-alleges paragraphs one (1) through nineteen (19) as if fully restated herein and further states as follows:

29. The Defendant is subject to, and has violated the provisions of, Florida Statute § 559.72(9) by attempting to collect the Debt from Debtor by asserting the existence of a legal right with the knowledge that such right does not exist.

30. Specifically, by implying that Defendant can and will restore Debtor's credit upon Debtor's payment of the Debt, Defendant falsely asserted it had the right and ability to restore Debtor's credit.

31. Defendant does not have such a right. It can only report to the credit bureaus that Plaintiff has paid the Debt to Defendant. Defendant does not, however, have the ability to affect the negative history between Plaintiff and the original creditor of the Debt, or any other negative credit reporting. Because the Defendant can only report positively on Plaintiff's credit report with respect to its own relationship with Plaintiff, its

assertion that it has the right to restore Plaintiff's credit is false, deceptive and misleading.

32. Defendant's assertions, made in an attempt to collect the Debt, are a knowingly false statement attempting to limit Debtor's consumer rights under the FCCPA.

33. As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR: DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiff re-alleges paragraphs one (1) through nineteen (19) as if fully restated herein and further state as follows:

34. Unless the Defendant is immediately enjoined from continuing to falsely represent to Plaintiff that Defendant can restore Plaintiff's credit, Plaintiff will suffer irreparable injury.

35. Plaintiff has no adequate remedy at law.

36. Plaintiff has a clear legal right to the protections of the FDCPA, FCCPA and the CROA.

37. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Declaratory judgment that Defendant's conduct violated the FCCPA;

C. Declaratory judgment that Defendant's conduct violated the CROA;

D. Injunctive relief under the FCCPA;

E. Injunctive relief under the CROA;

F. Actual damages;

G. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k;

H. Statutory damages against Defendant pursuant to Fla. Stat. § 559.77;

I. Judgment against Defendant for any damages the Court deems appropriate pursuant to the CROA;

J. Costs and reasonable attorneys' fees against Defendant pursuant to 15 U.S.C. § 1692(k), 15 U.S.C § 1679g, and Fla. Stat. § 559.77; and

K. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

38. Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,

**LEAVENGOOD & NASH**

_____
☐ Ian R. Leavengood, Esq., FBN 10167
  **LEAD TRIAL COUNSEL**
☐ Christopher C. Nash, Esq., FBN 135046
☒ Heather M. Fleming, Esq. FBN 25971
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
hfleming@leavenlaw.com

Attorneys for Plaintiff