UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD M. DAUVAL, Trustee for the     Case No. 8:11-cv-2269-T-27TGW
ESTATE OF JOSEPH PIETRO, an individual,
      Plaintiff,
v.

PREFERRED COLLECTION AND MANAGEMENT
SERVICES, INC., a Florida corporation,
      Defendant.
_____/

## MOTION TO DISMISS

Defendant, PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC., through undersigned counsel, pursuant to Rules 12(b)(1) and 12(b)(6) Fed.R.Civ.P., moves to dismiss Count One of Plaintiff's Complaint for lack of subject matter jurisdiction or in the alternative for failure to state a claim upon which relief can be granted and further states:

1. Plaintiff filed the instant action on October 6, 2011.

2. The Complaint alleges (in ¶14) that Defendant sent the letter upon which the instant claim is based on or about May 18, 2010.

3. Plaintiff alleges (in ¶1) that jurisdiction over the instant claim arises under 15 U.S.C. §1692k(d).

4. 15 U.S.C. §1692k(d) clearly indicates that an action to enforce any liability created by the FDCPA must be brought "within one year from the date on which the alleged violation occurs."

5. As the Complaint indicates that the alleged violation occurred more than one year prior to the date of filing, this Court is without jurisdiction as to Count I.

6. Even in the event the should have jurisdiction over the subject matter of Plaintiff's claim, Count One should be dismiss for failure to state a cause of action upon which relief can be granted, as the statute of limitations has expired and such expiration is apparent on the face of the Complaint and Exhibit A.

7. This Motion is more fully supported by the attached Memorandum of Law.

## MEMORANDUM OF LAW

### I.   LEGAL STANDARD FOR A MOTION TO DISMISS

Rule 12(b)(6) permits a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." When assessing the plaintiff's complaint, the court should accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *Kirby v. Seigelman*, 195 F.3d 1285 (11th Cir. 1999). Currently, this standard has been interpreted to require a plaintiff to plead "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "to survive a Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief which is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### II.   FDCPA Claim

When a plaintiff's failure to comply with the statute of limitations is plain on the face of the complaint, it is appropriate for the court to dismiss on that basis pursuant to Rule

12(b)(6), Fed.R.Civ.P. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494,495 (11th Cir. 1982).

On October 6, 2011, Plaintiff filed the instant Complaint for, among other things, an alleged violation of the FDCPA. Plaintiff alleges that Defendant sent him a letter dated May 18, 2010 in an attempt to collect a debt. The claim is barred by the statute of limitations contained in 15 U.S.C. §1692k(d), which requires a plaintiff to commence any action to enforce any liability created by a violation of the FDCPA "within one year from the date on which the alleged violation occurs."

For purposes of the FDCPA, a cause of action is said to occur on the date the collection letter was mailed to the debtor. *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir. 1992). This approach has been adopted by the Eleventh Circuit *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995). The instant case is much less of a "close call" than the *Maloy* case, where the debtor allegedly received the letter that had been mailed on November 13, 1992 three days later on November 16, 1992. In spite of this allegation, the court dismissed Maloy's complaint as untimely under the applicable statute. Here, it is undisputed, and Plaintiff alleges, that the pertinent letter was sent on May 18, 2010. However, Plaintiff waited until October 6, 2011 to file the instant action. Under these circumstances, the filing is untimely and must be dismissed.

Courts disagree on the jurisdictional implication of the FDCPA's limitations period found at 15 U.S.C. §1692k(d). While some courts have found that the one year time limit contained therein is jurisdictional (e.g., *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir. 1992)), others have found that it is not jurisdictional and thus subject to equitable

tolling (e.g., *Mangum v. Action Collection Services, Inc.*, 575 F.3d 935 (9th Cir. 2009).  As of this moment, the Eleventh Circuit has not ruled on the issue.  However, such a distinction is unnecessary to a determination of the running of the statute of limitations in the instant case.  That is because the one year statute of limitations clearly began to run on May 18, 2010, as alleged in paragraph 14 of the Complaint and corroborated by the document attached as Exhibit A.  There is no basis for an assertion of equitable tolling.

### III.   CONCLUSION

Count One of Plaintiff's Complaint should be dismissed either for lack of subject matter jurisdiction or for its failure to state a claim upon which relief can be granted due to the obvious expiration of the statute of limitations.

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

**s/J. Robert McCormack**
By:  J. Robert McCormack
Florida Bar Number 864791
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619-1352
Phone:  813-739-1900; Fax:  813-739-1919
Attorneys for

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2011, I electronically filed the foregoing document using the Court's CM/ECF system, which will send a Notice of Electronic Filing to **Ian R. Leavengood, Esq.**, Leavengood &Nash.

**s/J. Robert McCormack**
Attorney