**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD M. DAUVAL, Trustee for the
Estate of Joseph Pietro, an individual,

                                                          Case No.: 8:11-cv-2269-JDW-TGW

      Plaintiff,
v.

PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,
a Florida corporation,

      Defendant.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS AND SUPPORTIVE MEMORANDUM**

Plaintiff, RICHARD DAUVAL, as Trustee for the estate of Joseph Pietro (hereinafter, "Plaintiff"), by and through the undersigned counsel, and pursuant to Local Rule 3.01(b), files this Response in Opposition to Defendant's Motion to Dismiss [Dkt. 6] as follows.

**I.     INTRODUCTION AND BACKGROUND**

1.     This case arises from a debt collection letter (hereinafter, the "Letter") sent to Joseph Pietro by Defendant. *Complaint, paragraphs 14 and 15, Exhibit A to Complaint.*

2.     The Letter violates the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"). *Complaint, Count I.*

3.     The Letter was sent to Joseph Pietro on or about May 18, 2010. *Complaint, paragraph 14, Exhibit A to Complaint; Answer, paragraph 14.*

4. Joseph Pietro filed a Chapter 7 bankruptcy petition on March 15, 2011. *Complaint, paragraph 3; Answer, paragraph 3*.

5. Plaintiff is the Chapter 7 bankruptcy trustee for the bankruptcy estate of Joseph Pietro. *Complaint, paragraph 3; Answer, paragraph 3*.

6. Plaintiff filed the subject Complaint on October 6, 2011. *See Complaint*.

7. The Complaint raises four claims against Defendant. Count I of the Complaint is an action for violation of the FDCPA.

8. Defendant moved to dismiss Count I of the Complaint based on the one year limitation period set forth in 15 U.S.C. §1692k(d). Defendant filed an Answer and raised Affirmative Defenses relating to the remainder of Plaintiff's claims.

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

Plaintiff agrees with the legal standard for a Motion to Dismiss cited by Defendant in its Motion to Dismiss.

## III. MEMORANDUM OF LAW

Defendant moved to dismiss Count I of the Complaint based on the one year limitation period set forth in 15 U.S.C. §1692k(d). This statute provides as follows:

> An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**.

(Emphasis added).

Because the Letter was sent May 18, 2010[1] and the action was filed October 6, 2011, Defendant reasons that Plaintiff's FDCPA claim is untimely.

---

[1] Plaintiff agrees with Defendant's assertion that the cause of action accrued on May 18, 2010, the date the Letter was sent.

Defendant's reasoning is sound for causes of action brought by plaintiffs who have not filed a Chapter 7 bankruptcy petition prior to the expiration of the one-year limitation period provided in 15 U.S.C. §1692k(d).  The instant action, however, was brought by Richard Dauval, as Trustee for Joseph Pietro's bankruptcy estate.  In this case, the one year limitation period imposed by 15 U.S.C. §1692k(d) was extended by operation of law, pursuant to 11 U.S.C. §108(a)(2).  This section provides:

> (a)   **If applicable nonbankruptcy law**, an order entered in a nonbankruptcy proceeding, or an agreement "**fixes a period within which the debtor may commence an action , and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of** –
>
> (1)   the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2)   **two years after the order for relief**.

(Emphasis added).  The date Mr. Pietro filed bankruptcy is the date of the "order for relief" for purposes of 11 U.S.C. §108(a)(2).[2]  As Mr. Pietro filed his Chapter 7 bankruptcy petition on March 15, 2011, the limitation period for the subject cause of action was extended from May 18, 2011 until March 15, 2013.

### IV.   CONCLUSION

Ordinarily there is a one year limitation period to file a FDCPA claim.  In this case, the subject cause of action accrued May 18, 2011 and would have been untimely if filed after May 18, 2012.  Because Mr. Pietro filed a voluntary bankruptcy petition on March 15, 2011, however, his bankruptcy Trustee was permitted to file the subject cause of action any time prior to March 15, 2013.  The subject cause of action was filed by

---

[2] See 11 U.S.C. §301(b) providing, "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."

Plaintiff on October 6, 2011. Accordingly, the cause of action was timely brought by Plaintiff. Defendant's Motion to Dismiss should be denied.

                                        Respectfully Submitted,

                                        **LEAVENGOOD & NASH**

                                        /s/ Ian R. Leavengood
                                      **Ian R. Leavengood, Esq., FBN 0010167**
                                        **LEAD TRIAL COUNSEL**
                                        **Christopher C. Nash, Esq., FBN 135046**
                                        **Heather M. Fleming, Esq. FBN 25971**
                                        2958 First Avenue North
                                        St. Petersburg, FL 33713
                                        Phone: (727) 327-3328
                                        Fax: (727) 327-3305
                                        ileavengood@leavenlaw.com
                                        cnash@leavenlaw.com
                                        hfleming@leavenlaw.com
                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing *Response in Opposition to Defendant's Motion to Dismiss and Supporting Memorandum* has been furnished electronically or via U.S. Mail this 16th day of December 2011 to:

J. Robert McCormack
Counsel for Defendant
Lewis Brisbois Bisgaard & Smith, LLP
3812 Coconut Palm Drive, Suite 200
Tampa, FL 33619

                                        /s/ Ian R. Leavengood