UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD M. DAUVAL,

       **Plaintiff,**

vs.                                      **Case No. 8:11-cv-02269-T-27TGW**

PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,

       **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Attorney's Fees and Costs (Dkt. 73). Supplemental briefing was ordered on the issues of preemption and apportionment of fees (Dkt. 86). Supplemental briefs have been filed (Dkts. 89, 90). Upon consideration, Defendant's Motion for Attorney's Fees and Costs (Dkt. 73) is DENIED.

The Complaint alleged that Defendant violated, *inter alia*, the Federal Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). On July 10, 2012, Defendant served a proposal for settlement under § 768.79, offering to settle the FCCPA claim for $500.00. The proposal was not accepted. Ultimately, summary judgment was entered in Defendant's favor on the FCCPA claim. After trial, the jury returned a verdict in Plaintiff's favor on the FCDPA claim but awarded zero damages.

In its motion, Defendant seeks attorneys' fees under § 768.79 based on Plaintiff's failure to accept the July 10, 2012 proposal for settlement. Plaintiff contends that Defendant is not entitled to fees because § 768.79 is preempted by the FDCPA's fee-shifting provision, and the FDCPA claim

was not brought in bad faith or for harassment purposes. *See* 15 U.S.C. § 1692k(a)(3). The Court agrees.[1]

"Federal courts apply state substantive law to pendent state claims litigated in federal courts." *Braswell v. Conagra, Inc.*, 936 F.2d 1169, 1173 (11th Cir. 1991) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law." *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000). As Plaintiff correctly notes, Florida's Fifth District Court of Appeal has squarely decided the issue, concluding that the FDCPA preempts § 768.79, notwithstanding the presence of an unsuccessful FCCPA claim. *Clayton v. Bryan*, 753 So. 2d 632, 633-34 (Fla. 5th DCA 2000).[2]

Accordingly,

1) Defendant's Motion for Attorney's Fees and Costs (Dkt. 73) is DENIED.

2) The Clerk is directed to enter a Bill of Costs in favor of Defendant Preferred Collection and Management Services, Inc. in the amount of $212.62 (*see* Dkts. 74, 86).

3) The Clerk is directed to CLOSE the file.

**DONE AND ORDERED** this __2nd__ day of May, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] Considering the jury's verdict, it cannot be said that Plaintiff's FDCPA claim was brought in bad faith or for harassment.

[2] *rev. denied*, 707 So. 2d 1123, *cert. denied*, 524 U.S. 933 (1998).